UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONLYNN S. MONTGOMERY,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>Defendants. | No.  2:22-cv-0525 CKD P<br><br><br>ORDER |

    Plaintiff is a Sacramento County Jail inmate proceeding pro se with a civil action.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1    The court is required to screen complaints brought by prisoners seeking relief against a
2    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
6    In order to avoid dismissal for failure to state a claim a complaint must contain more than
7    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
8    of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
9    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10   statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
11   upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
12   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
13   the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
14   at 678. When considering whether a complaint states a claim upon which relief can be granted,
15   the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and
16   construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
17   U.S. 232, 236 (1974).
18   The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon
19   which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The
20   court will, however, grant leave to file an amended complaint.
21   Plaintiff asserts he is entitled to certain benefits from the Social Security Administration
22   as a result of the final order issued in a class action titled Clark v. Astrue. Plaintiff does not
23   elaborate much beyond that.
24   If plaintiff chooses to amend, plaintiff must be more specific as to how rights arising
25   under federal law have been violated. For instance, if plaintiff believes he has been denied
26   benefits due to him as a result of the Southern District of New York's April 13, 2012 decision in
27   Clark v. Astrue, 06-cv-15521, plaintiff most point to facts indicating he is a member of the class
28   /////

covered by that order and then point to facts indicating how the Social Security Administration has violated the order.

Also, it is not an acceptable form of pleading to simply refer the court to information maintained by Social Security as plaintiff does in his complaint. Plaintiff must plead all relevant facts directly in his pleadings.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2 & 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 12, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/mont0525.14